UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| ALMA JONES | CIVIL ACTION NO._____ |
|---|---|
| VERSUS | JUDGE _____ |
| COLONIAL NURSING HOME, INC. | MAGISTRATE JUDGE _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Alma Jones, who is a former employee of Defendant, Colonial Nursing Home, Inc., who, individually and on behalf of all other similarly situated Colonial Nursing Home, Inc. employees, past and present, files her complaint as follows

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit on behalf of herself and other similarly situated employees, both past and present, of Defendant, Colonial Nursing Home, Inc., ("Defendant" or "Colonial") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. § 216(b).

2. By this action, Plaintiff asserts that Colonial willfully violated the provisions of the FLSA by depriving Plaintiff and other similarly situated employees of their lawful wages and overtime at the proper rate.

3. For more than three years prior to the filing of this complaint, Defendant, Colonial, has committed violations of the FLSA by, among other things, (1) improperly calculating both the regular hourly rate and the concomitant overtime rate for its employees and/or (2) failing to pay employees for time they were required to be at work before their shift began.

4. As a result of the aforementioned violations and as set forth more fully herein, Plaintiff is entitled to and seeks all unpaid compensation, an equal amount of liquidated damages, attorneys' fees, costs, and any and all other amounts permitted by law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. §§ 201, *et seq*.

6. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant does business in this district, has employees living and working in his district, and a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff, Alma Jones, is a citizen of Louisiana residing in Avoyelles Parish who was employed by Defendant from June 29, 1999 until February 13, 2014.

8. Defendant, Colonial Nursing Home, Inc., is a Louisiana corporation with its principal place of business in Marksville, Louisiana. Defendant has several Louisiana locations, including one in Marksville, Louisiana out of which Plaintiff was employed. Defendant's registered agent for service of process in Louisiana is Melvin James Harris, 141 Mon Borde Dr., Mansura, LA 71350.

9. At all relevant times Defendant was the "employer" of Plaintiff, as that term is defined by 29 U.S.C. § 203(d), and Plaintiff was Defendant's employee, as that term is defined by 29 U.S.C. § 203(e)(1). Plaintiff worked for Defendant within three (3) year preceding the filing of this suit during which time Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. The overtime wage provisions of §§ 206-207 of the FLSA apply to Colonial and Plaintiff's job did not involve work that fell within any exception or exemption to 29 U.S.C. §213(a)(1).

## COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT

11. Plaintiff worked for Colonial from June 29, 1999 until February 13, 2014.

12. Plaintiff worked as a Certified Nursing Assistant ("CNA") for Colonial. Plaintiff was regularly paid at an hourly rate of $12.05. If Plaintiff was absent or late to work even one time during the week, her hourly rate was decreased to $10.55. On the weeks where Plaintiff was paid the higher hourly rate, her overtime rate was not calculated at time and one-half, as required by the FLSA

13. Plaintiff brings this FLSA claim on behalf of all persons who worked for Colonial as hourly, non-exempt employees, including all CNAs, LPNs, RNs, and others at any time from three years prior to the filing of this lawsuit to entry of judgment in this case.

14. Defendant's policy of reducing employees' hourly rate by $1.50 in weeks where an employee was absent or tardy, while characterized as a sort of "bonus", was unlawful.

15. As a result of this policy, Defendant failed to pay Plaintiff and, on information and belief, other members of the class, for regular hours worked at the proper rate of pay.

16. Alternatively, even if the bonus structure is declared lawful, Defendant still did not properly pay overtime in the weeks where the higher hourly rate was employed.

17. Defendant failed to pay Plaintiff and, on information and belief, other members of the class, for hours worked over forty per week at the required rate of one-and-one-half their regular rate of pay.

18. Defendant has also failed to pay Plaintiff and, on information and belief, other members of the class, for time when employees were required to be at work before officially clocking in.

19. Defendant, Colonial, has intentionally and repeatedly engaged in a practice of improperly paying Plaintiff and, on information and belief, other hourly, non-exempt employees.

20. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and, as such, notice should be sent to past and present hourly, non-exempt employees of Colonial. There are numerous similarly situated current and former hourly, non-exempt employees of Colonial who have been misclassified in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

21. Plaintiff and other hourly, non-exempt employees of Colonial are similarly situated, had substantially pay provisions, and are subject to Colonial's common practices which violate FLSA labor statutes.

## CLAIMS UNDER FAIR LABOR STANDARDS ACT

22. Plaintiff realleges and reincorporates by reference all of the preceding paragraphs as if fully alleged herein. As used herein "Plaintiff" refers to Alma Jones and to any other past or present employees of Defendant who file individual consents to sue in this collective action.

23. Because Defendant willfully violated the FLSA by having a written policy in place to underpay Plaintiff and class members, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

24. Defendant has willfully and intentionally engaged in a pattern and practice of violating the FLSA by improperly reducing Plaintiff's pay on weeks where she was absent or

tardy to work and further by failing and refusing to pay the proper overtime compensation in accordance with, among others, §207 of the FLSA.

25. Defendant has also willfully and intentionally engaged in a pattern and practice of violating the FLSA by refusing to pay Plaintiff for time worked that was considered "break time" and for time worked where she was required to be at work early but not allowed to officially clock-in for pay purposes.

26. As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated hourly, non-exempt employees of Colonial have been deprived of both regular and overtime compensation in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alma Jones, individually and on behalf of all other situated employees, past and present, of Defendant prays for the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. Immediate conditional certification, followed by final certification of this action as a collective action brought pursuant to the FLSA, 29 U.S.C. §216(b);

C. That Defendant be required to provide information to Plaintiff identifying potential class members sufficiently to enable Plaintiff to provide notice of this collective action;

D. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed as an hourly, non-exempt employee of Colonial. Such persons shall be

informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they have been improperly compensated as alleged herein;

E. An award of damages after trial on the merits including unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201, *et seq.*, and the supporting Department of Labor regulations;

F. Penalties and/or liquidated damages under applicable law;

G. Pre- and post-judgment interest as provided by law;

H. Attorneys' fees and costs; and

I. Any and all other relief to which Plaintiff is or may be entitled by law or equity.

    Respectfully Submitted,

    **COX, COX, FILO, CAMEL & WILSON, LLC**

    By:   /s Somer G. Brown
         **SOMER G. BROWN (#31462)**
         723 Broad Street
         Lake Charles, LA 70601
         Telephone: 337-436-6611
         Facsimile: 337-436-9541
         Email: somer.brown@coxcoxfilo.com

**PLEASE SERVE DEFENDANT
AS SET FORTH IN PARAGRAPH 8**