UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ALMA JONES | CIVIL ACTION NO. 1:17-CV-00090 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| COLONIAL NURSING HOME, INC. | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

I. Background

Before the Court is Plaintiff Alma Jones's Motion to Conditionally Certify an FLSA Collective Action and Send Notice to Class pursuant to 29 U.S.C. § 216(b) (Doc. 6). The parties then filed a Joint Motion to Conditionally an FLSA Collective Action and Send Notice to Class (Doc. 30).

Jones alleges that Colonial willfully violated the Fair Labor Standards Act ("FLSA"), 52 Stat. 1060, 29 U.S.C. §§ 201, *et seq.,* by depriving Jones and other similarly situated employees of their lawful wages and overtime pay at the proper rates. Jones filed a complaint against her former employer, Colonial Nursing Home, Inc. ("Colonial"), individually and on behalf of all other similarly situated employees, for FLSA violations.

Jones alleges she worked as a Certified Nursing Assistant ("CNA") for Colonial from June 29, 1999 until February 13, 2014 (Doc. 1). Jones contends that Colonial intentionally violated the FLSA by: (1) reducing employees' hourly rate by $1.50 in

weeks where an employee was absent or tardy, and improperly characterized the $1.50/hour as a "bonus" or "incentive pay" for attendance, rather than as a penalty; (2) improperly calculating both the regular hourly rate and the concomitant overtime rate for its employees, even if the hourly incentive pay plan is lawful; and (3) failing to pay employees for "break time" and for time they were required to be at work before their shift officially began.

Jones seeks a declaration that the bonus, or incentive, pay plan for good attendance was actually a reduction of the regular rate of pay as a penalty for attendance violations; unpaid compensation (regular and overtime); an equal amount in liquidated damages; attorney fees; and costs.

## II. Law and Analysis

### A. Legal standards governing FLSA representative actions.

The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.[1] Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U.S.C. § 216(b), gives employees the right to bring a private cause of action on their own behalf and on behalf of other employees similarly situated for specified violations of the FLSA. See Genesis Healthcare Corp. v. Symczyk, 133

---

[1] The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." See 29 U.S.C. § 207(a)(1).

S.Ct. 1523, 1527 (U.S. 2013) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169–170 (1989)).

To participate in a collective action, each employee must give his consent in writing by notifying the court of his intent to opt in. See id. District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs. See Rodriguez, 2017 WL 699820 at *2 (citing Lima v. Int'l Catastrophe Sols., Inc., 493 F. Supp. 2d 793, 797 (E.D. La. 2007)). The notice must be "timely, accurate and informative." See id.; Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). In an FLSA collective action, the plaintiff represents only himself or herself until similarly situated employees opt in. See Sandoz v. Cingular Wireless LLC, 553 F. 3d 913, 919 (5th Cir. 2008).

The Fifth Circuit has never adopted a legal standard for collective-action certification. See Roussell v. Brinker Int'l, Inc., 441 Fed. Appx. 222, 226 (5th Cir. 2011); see also Portillo v. Permanent Workers, LLC, 662 Fed. Appx. 277, 279 (5th Cir. 2016). However, the Fifth Circuit has affirmed at least two general approaches. See Portillo, 662 Fed. Appx. at 280. Thus, it has devolved upon the district courts to choose between two prevailing standards, one akin to the standard for Rule 23 class actions[2] and the other involving a multi-factor "similarly situated" test. See Hill v.

---

[2] The first approach tracks Rule 23, where district courts evaluate FLSA collective actions against the well-established requirements of numerosity, commonality, typicality, and adequacy. See Portillo, 662 Fed. Appx. at 280.

Johnny's Pizza House, Inc., 2015 WL 11142683, at *2 (W.D. La. 2015) (citing Roussell, 441 Fed. Appx. at 226). The district courts usually follow the "similarly situated" test, which is set forth in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D. N.J. 1987). See Hill, 2015 WL 11142683 at *2.

The similarly situated test, or the "Lusardi approach," is a two-stage certification process. During the first stage of the Lusardi approach, the plaintiff moves for conditional certification of his or her collective action. The district court then decides–usually based on the pleadings and affidavits of the parties–whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action. See Portillo, 662 Fed.Appx. at 280. At the initial notice stage, the courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination. See Hill, 2015 WL 11142683 at *3. The decision whether to conditionally certify lends itself to *ad hoc* analysis on a case-by-case basis, but courts typically grant certification. See Portillo, 662 Fed. Appx. at 280.

Generally, courts require only a minimal showing that (1) there is a reasonable basis for the plaintiff's allegations, (2) that the aggrieved putative class members are similarly situated with regard to the claims and defenses asserted, and (3) that these individuals desire to opt in to the suit. See Nieddu v. Lifetime Fitness, Inc., 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013). Courts deny collective action treatment and decline to authorize class notice where no common employer policy or practice exists

and the resolution of claims requires individual factual determinations and defenses. See Conerly v. Marshall Durbin Co., 2007 WL 3326836, at *11 (S.D. Miss. 2007).

### B. Jones provided evidence of a common pay policy and the parties stipulated to similarly situated potential class members.

For the class representative to be considered similarly situated to the potential opt-in class members, the class representative must be: (1) similarly situated in terms of job requirements; and (2) similarly situated in terms of payment provisions. See Walker, 870 F. Supp. 2d at 468 (citing Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)); see also Dybach v. Florida Dep't of Corr., 942 F. 2d 1562, 1567–68 (11th Cir. 1991); Lima, 493 F. Supp. 2d at 798. Similarly situated does not necessarily mean identically situated. See Walker, 870 F. Supp. 2d at 468 (citing England v. New Century Financial Corporation, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist. See Lima, 493 F. Supp. 2d at 798 (citing Grayson v. K Mart Corp., 79 F. 3d 1086, 1097 (11th Cir. 1996), cert. den., 519 U.S. 982, 987 (1996)); Badgett v. Texas Taco Cabana, L.P., 2006 WL 2934265, at *2 (S.D. Tex. 2006).

Jones contends she worked as a CNA for Colonial for three years before filing this suit. Jones alleges that common pay policies–for incentive attendance pay, overtime pay, no pay for time spent in breaks, and time at work before the work shift officially starts–apply to all hourly, non-exempt employees of Colonial. Jones attached employment policy statements, signed by her, that show various work

policies, including some related to attendance, bonuses, leave, and pay (Doc. 6, Ex. A). Those policies show the same attendance incentive pay plan applies to all full-time and part-time employees of Colonial (Doc. 6, Ex. A).

The parties stipulated to conditional certification of a class affected by that policy, consisting of employees of Colonial who worked as CNAs, LPNs, RNs, dietary employees, housekeeping employees, and laundry employees, and who were employed during the three-year period prior to the date on which the Court conditionally certifies the class (Doc. 30). The parties also agreed on a notice (Doc. 30). Therefore, the parties' motions for conditional class certification should be granted.

III. <u>Order</u>

IT IS ORDERED that the Motions for Conditional Class Certification (Docs. 6, 30) are GRANTED. The Court hereby conditionally certifies the following class for purposes of this case:

**All current and former employees of Colonial Nursing Home, Inc. who: (1) worked as CNAs, LPNs, RNs, dietary employees, housekeeping employees, or laundry employees; and (2) were employed during the three-year period prior to the date of this Order.**

IT IS FURTHER ORDERED that Defendant shall make the agreed upon disclosures of last known names, addresses, and email addresses for the potential class members to Plaintiffs within **21 days** of the date of this Order. Defendant shall also provide telephone numbers of the potential class members to Plaintiff's counsel if the mailed or e-mailed notice is returned undeliverable, and if Plaintiff's counsel

provides defense counsel with documentation of the return notice. The parties shall also work together to agree upon a telephone script, which Plaintiff's counsel shall use in making follow-up calls for notice.

IT IS FURTHER ORDERED that, no later than **10 days** after receiving the list, counsel for Plaintiff will mail the agreed-upon Notice and consent forms, in the form attached to the Parties' Joint Motion, to the potential class members via mail or e-mail. Any mailed notice shall be limited to the notice and an addressed, postage-paid envelope. Any e-mailed notice shall be limited to the notice with the agreed-upon e-mail message. All Notices and Consent Forms shall be in both English and Spanish.

IT IS FURTHER ORDERED that Plaintiff's counsel shall send an identical reminder notice and consent form **30 days** after the first mailing/e-mailing.

IT IS FURTHER ORDERED that potential class members have **60 days** from the date of mailing or e-mailing the Notice to opt-into the litigation as party-plaintiffs ("the Opt-In Deadline"). Consent to Join forms must be postmarked (if mailed), fax-stamped (if faxed), or e-mailed no later than 11:59 p.m. on the Opt-In Deadline in order to be effective. Consent to Join forms returned after the Opt-In Deadline shall not be effective, absent further order of the Court or agreement of the Parties.

IT IS FURTHER ORDERED that Plaintiff's counsel shall notify defense counsel of the date of mailing or emailing the notice (including the reminder notice), and file an advisory of the same with the Court, within **three business days** of doing

7

so. In such advisories, Plaintiff's counsel shall specify the date and manner of service by which the notices were sent.

      THUS DONE AND SIGNED in chambers at Alexandria, Louisiana, on this  _24th_  day of July, 2017.

                                            Joseph H.L. Perez-Montes
                                            United States Magistrate Judge